UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAIME CORREA,

                      Plaintiff,

      -against-

3108 NORTHERN BLVD LLC and FOREVIEW
CONTRACTING INC.,

                Defendants.

**COMPLAINT AND
JURY DEMAND**

Civil No.:

Plaintiff, JAIME CORREA, by his attorneys, GINARTE GALLARDO GONZALEZ WINOGRAD, L.L.P., as and for a Complaint against the Defendants herein, respectfully allege as follows, upon information and belief:

## PARTIES

ONE:   At all times herein mentioned, Plaintiff, JAIME CORREA (hereinafter "CORREA"), was and still is a domiciliary/citizen of the State of New Jersey and resided at 22 Fleming Avenue, 1st Fl., Newark, NJ 07105.

TWO:   At all times herein mentioned, Defendant, 3108 NORTHERN BLVD LLC (hereinafter "3108 NORTHERN"), was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

THREE: At all times herein mentioned, Defendant, 3108 NORTHERN was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

FOUR: At all times herein mentioned, Defendant, 3108 was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York,

1

and maintaining an office in the State of New York.

FIVE: At all times herein mentioned, Defendant, 3108 NORTHERN was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

SIX:   At all times herein mentioned, Defendant, 3108 NORTHERN maintained its principal place of business located at 28-18 Steinway Street, Astoria NY 11103 in the County of Queens, State of New York.

SEVEN:   At all times herein mentioned, Defendant, 3108 NORTHERN transacted business within the State of New York.

EIGHT:  At all times herein mentioned, Defendant, FOREVIEW CONTRACTING INC. (hereinafter "FOREVIEW"), was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

NINE: At all times herein mentioned, Defendant, FOREVIEW was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

TEN:  At all times herein mentioned, Defendant, FOREVIEW was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

ELEVEN: At all times herein mentioned, Defendant, FOREVIEW was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office in the State of New York.

TWELVE:   At all times herein mentioned, Defendant, FOREVIEW maintained its principal place of business located at 1816 127th Street, 2F, College Point, New York 11356 in

the County of Queens, State of New York.

THIRTEEN:  At all times herein mentioned, Defendant, FOREVIEW transacted business within the State of New York.

## JURISDICTION AND VENUE

FOURTEEN: Jurisdiction is proper pursuant to 28 U.S.C. 1332 in that there is complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees.

FIFTEEN: Venue is proper pursuant to 28 U.S.C. 1391(a)(1) as the event giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

SIXTEEN:  That on July 6, 2020, the Plaintiff, CORREA sustained injuries while working on a construction project.

SEVENTEEN:   That the construction project where the Plaintiff, CORREA was working was located at 31-08 Northern Boulevard, Queens, NY 11101; hereinafter referred to as the "subject premises."

EIGHTEEN:   That at all times hereinafter mentioned, the Plaintiff, CORREA was a construction worker and carpenter employed by NYCC Construction Company Corp.

NINETEEN:  That at all times hereinafter mentioned, NYCC Construction Company Corp. had been retained by 3108 NORTHERN to perform construction and carpentry work at the subject premises.

TWENTY:  That at all times hereinafter mentioned, NYCC Construction Company Corp. had been retained by FOREVIEW to perform construction and carpentry work at the subject premises.

TWENTY-ONE:  That at all times hereinafter mentioned, the Plaintiff, CORREA, was lawfully at the construction site located at the subject premises for the purpose of carrying on employment activities.

TWENTY-TWO:  That at all times hereinafter mentioned, Plaintiff CORREA was lawfully at the subject premises and in the course of his employment with NYCC Construction Company Corp., in the construction, erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, and/or maintenance operations at the premises.

TWENTY-THREE:  That at all times hereinafter mentioned, the Plaintiff, CORREA was performing his assigned construction and carpentry job duties including cutting metal and wood, making markings and hoisting rebar for column formation.

TWENTY-FOUR:  That at all times hereinafter mentioned, the Plaintiff, CORREA was caused to sustain severe personal injuries when a heavy rebar beam that was in the process of being hoisted by multiple workers to the next level became unsafe, unsecure and dangerous and fell and struck him while he performed his assigned job duties.

TWENTY-FIVE: That at all times hereinafter mentioned, the Plaintiff, CORREA sustained severe personal injuries while performing his assigned construction duties at the subject premises.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF 3108 NORTHERN

TWENTY-SIX: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered ONE through TWENTY-FIVE as if more fully set forth at length herein.

TWENTY-SEVEN:  That at all times hereinafter mentioned, Defendant 3108 NORTHERN was the owner of the subject premises.

TWENTY-EIGHT:  That at all times hereinafter mentioned, Defendant 3108 NORTHERN was the lessor of the subject premises.

TWENTY-NINE: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees operated the subject premises.

THIRTY:  That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees controlled the subject premises.

THIRTY-ONE: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees managed the subject premises.

THIRTY-TWO: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees supervised the subject premises.

THIRTY-THREE: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees maintained the subject premises.

THIRTY-FOUR: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees, was developing the subject property.

THIRTY-FIVE: That at all times hereinafter mentioned, construction work was being done at the subject premises.

THIRTY-SIX: That at all times hereinafter mentioned, the Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees had a duty to keep the subject premises in a safe condition, free of any dangers or hazards for those lawfully threat.

THIRTY-SEVEN: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees engaged in construction work at the subject premises.

THIRTY-EIGHT: That at all times hereinafter mentioned, Defendant 3108 NORTHERN

by its agents, servants, licensees, affiliates, lessees and/or employees engaged in renovation work at the subject premises.

THIRTY-NINE: The aforesaid building construction/renovation constituted a construction project within the meaning and intent of Article 10 of the New York State Labor Law.

FORTY: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees served as the general contractor for the construction and/or renovation work performed at the subject premises.

FORTY-ONE: That at all times hereinafter mentioned, Defendant 3108 NORTHERN by its agents, servants, licensees, affiliates, lessees and/or employees served as the construction manager for the construction and/or renovation work performed at the subject premises.

FORTY-TWO:  That at all times hereinafter mentioned, Defendant 3108 NORTHERN, by its agents, servants, licensees, affiliates, lessees and/or employees, was responsible for the safety of all workers performing construction work or services at the subject premises.

FORTY-THREE:  That some time prior to July 6, 2020, the Defendant 3108 NORTHERN contracted with NYCC Construction Company Corp., to engage in construction to repair, alter, clean, renovate, construct and/or maintain the construction site located at the subject premises.

FORTY-FOUR:  That on or about July 6, 2020, at the subject premises, the Plaintiff CORREA, while working for NYCC Construction Company Corp. was caused to sustain severe personal injuries when a heavy rebar beam that was in the process of being hoisted by multiple workers became unsafe, unsecure and dangerous and fell and struck him while he performed his assigned job duties.

FORTY-FIVE: That on or about July 6, 2020, as a result of the recklessness, carelessness and negligence of the Defendant, 3108 NORTHERN, its officials, agents, servants and/or

employees in the ownership, operation, construction, control, repair, development, maintenance, supervision and management of the aforementioned construction site and their violation of §200, §240(1) and §241(6) of the Labor Laws of the State of New York, violations of the Industrial Code Rule No. 23; as well as applicable OSHA rules and regulations, the Plaintiff, CORREA, sustained  extensive, serious, grave and permanent injuries when a heavy rebar beam that was in the process of being hoisted became unsafe, unsecure and dangerous and fell and struck him while he performed his assigned job duties.

FORTY-SIX:   That on or about July 6, 2020, at the aforesaid construction site, as a result of the recklessness, carelessness and negligence of the Defendant FOREVIEW, its officials, agents, servants and/or employees including contractors and subcontractors were negligent, reckless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession, and inspection of the subject premises and construction site in that they failed to provide the Plaintiff with a safe place to work; failed to provide safety equipment, devices and protection from falling hazards; failed to provide plaintiff with a safe passage for walking and traversing the construction site and work activities; failed to provide plaintiff with safe ingress and egress at the worksite; failed to provide proper safety devices so as to afford proper protection to the Plaintiff on the site;  failed to provide secured materials to guard against beams from become loosened and falling into and striking workers; failed to guard open areas in which heavy debris or construction materials could fall into and come into contact with the plaintiff; failed to provide a safe scaffold so as to afford proper protection to the Plaintiff on the site; failed to provide a safe ladder so as to afford proper protection to the Plaintiff on the site; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; in causing and permitting hazardous and dangerous conditions to exist in violations of the law; and in failing to

take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/worksite and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to be exposed and subjected to an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated work area; in causing and allowing the Plaintiff to be thrust from a height; in failing and/or refusing to properly secure the elevated work platform in order to prevent it from becoming unstable and causing the Plaintiff to fall; in failing to inspect the safety devices and safety conditions upon the job site; in failing to have a safety plan for the job site; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below; in failing to perform inspections of safety devices; in failing to provide the Plaintiff with proper safety equipment; in failing to provide the Plaintiff with a safety harness or lanyard and/or a place to tie off with such equipment; in failing to provide the Plaintiff with proper fall protection; in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; the applicable OSHA rules and regulations; violated the applicable provisions of the industrial code regulations of the state of New York as they pertain to construction; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to provide the Plaintiff with the approved fall protection devices and/or independent work platforms from which to perform his work; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below causing his injuries; in failing to prevent the Plaintiff from falling from the scaffold and/or ladder to the ground below causing his injuries; in failing to have and/or designate a competent person to direct, manage, control, and/or

inspect the work being performed at the time of the accident; in failing to instruct, direct and/or train Plaintiff; in failing to inspect the safety devices and safety conditions upon the job site; and in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; in violating the provisions of the Industrial Code Rule No. 23; and in failing to provide a safe worksite and area where he was working.

FORTY-SEVEN: That Defendant 3108 NORTHERN, had actual notice and/or constructive notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

FORTY-EIGHT: That as a result of the aforesaid, Plaintiff, CORREA, was rendered sick, sore, lame and disabled; was caused to suffer great physical pain, mental anguish and depression; has been obligated to submit himself for medical aid and other treatment; will continue to suffer great pain and suffering; and has sustained and will continue to sustain special damages in a sum which exceeds the jurisdiction of all lower Courts of the State of New York.

FORTY-NINE: That the damages incurred by Plaintiff CORREA, as aforesaid, arose wholly and solely through the negligence, carelessness and recklessness of the Defendant, 3108 NORTHERN, its officials agents, servants and/or employees without fault or want of care on the part of Plaintiff CORREA.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF FOREVIEW

FIFTY: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered ONE through FORTY-NINE as if more fully set forth at length herein.

FIFTY-ONE: That at all times hereinafter mentioned, Defendant FOREVIEW was the owner of the subject premises.

FIFTY-TWO: That at all times hereinafter mentioned, Defendant FOREVIEW was the lessor of the subject premises.

FIFTY-THREE: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees operated the subject premises.

FIFTY-FOUR:  That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees controlled the subject premises.

FIFTY-FIVE: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees managed the subject premises.

FIFTY-SIX: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees supervised the subject premises.

FIFTY-SEVEN: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees maintained the subject premises.

FIFTY-EIGHT: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees, was developing the subject property.

FIFTY-NINE: That at all times hereinafter mentioned, construction work was being done at the subject premises.

SIXTY: That at all times hereinafter mentioned, the Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees had a duty to keep the subject premises in a safe condition, free of any dangers or hazards for those lawfully thereat.

SIXTY-ONE: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees engaged in construction work at the subject premises.

SIXTY-TWO: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees engaged in renovation work at the subject premises.

SIXTY-THREE: The aforesaid building construction/renovation constituted a construction project within the meaning and intent of Article 10 of the New York State Labor Law.

SIXTY-FOUR: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees served as the general contractor for the construction and/or renovation work performed at the subject premises.

SIXTY-FIVE: That at all times hereinafter mentioned, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees served as the construction manager for the construction and/or renovation work performed at the subject premises.

SIXTY-SIX: That at all times hereinafter mentioned, Defendant FOREVIEW, by its agents, servants, licensees, affiliates, lessees and/or employees, was responsible for the safety of all workers performing construction work or services at the subject premises.

SIXTY-SEVEN: That some time prior to July 6, 2020, the Defendant FOREVIEW contracted with NYCC Construction Company Corp., to engage in construction to repair, alter, clean, renovate, construct and/or maintain the construction site located at the subject premises.

SIXTY-EIGHT: That on or about July 6, 2020, at the subject premises, the Plaintiff CORREA, while working for NYCC Construction Company Corp. was caused to sustain severe personal injuries when a heavy rebar beam that was in the process of being hoisted by multiple workers became unsafe, unsecure and dangerous and fell and struck him while he performed his assigned job duties.

SIXTY-NINE: That on or about July 6, 2020, as a result of the recklessness, carelessness and negligence of the Defendant, FOREVIEW, its officials, agents, servants and/or employees in the ownership, operation, construction, control, repair, development, maintenance, supervision and management of the aforementioned construction site and their violation of §200, §240(1) and

11

§241(6) of the Labor Laws of the State of New York, violations of the Industrial Code Rule No. 23; as well as applicable OSHA rules and regulations, the Plaintiff, CORREA, sustained extensive, serious, grave and permanent injuries when a heavy rebar beam that was in the process of being hoisted became unsafe, unsecure and dangerous and fell and struck him while he performed his assigned job duties.

SEVENTY:   That on or about July 6, 2020, at the aforesaid construction site, as a result of the recklessness, carelessness and negligence of the Defendant FOREVIEW, its officials, agents, servants and/or employees including contractors and subcontractors were negligent, reckless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession, and inspection of the subject premises and construction site in that they failed to provide the Plaintiff with a safe place to work; failed to provide safety equipment, devices and protection from falling hazards; failed to provide plaintiff with a safe passage for walking and traversing the construction site and work activities; failed to provide plaintiff with safe ingress and egress at the worksite; failed to provide proper safety devices so as to afford proper protection to the Plaintiff on the site;  failed to provide secured materials to guard against beams from become loosened and falling into and striking workers; failed to guard open areas in which heavy debris or construction materials could fall into and come into contact with the plaintiff; failed to provide a safe scaffold so as to afford proper protection to the Plaintiff on the site; failed to provide a safe ladder so as to afford proper protection to the Plaintiff on the site; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; in causing and permitting hazardous and dangerous conditions to exist in violations of the law; and in failing to take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit

of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/worksite and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to be exposed and subjected to an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated work area; in causing and allowing the Plaintiff to be thrust from a height; in failing and/or refusing to properly secure the elevated work platform in order to prevent it from becoming unstable and causing the Plaintiff to fall; in failing to inspect the safety devices and safety conditions upon the job site; in failing to have a safety plan for the job site; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below; in failing to perform inspections of safety devices; in failing to provide the Plaintiff with proper safety equipment; in failing to provide the Plaintiff with a safety harness or lanyard and/or a place to tie off with such equipment; in failing to provide the Plaintiff with proper fall protection; in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; the applicable OSHA rules and regulations; violated the applicable provisions of the industrial code regulations of the state of New York as they pertain to construction; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to provide the Plaintiff with the approved fall protection devices and/or independent work platforms from which to perform his work; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below causing his injuries; in failing to prevent the Plaintiff from falling from the scaffold and/or ladder to the ground below causing his injuries; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to instruct, direct and/or train Plaintiff; in failing to inspect the safety devices and safety conditions upon the job site; and

in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; in violating the provisions of the Industrial Code Rule No. 23; and in failing to provide a safe worksite and area where he was working.

SEVENTY-ONE:    That Defendant FOREVIEW, had actual notice and/or constructive notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

SEVENTY-TWO:   That as a result of the aforesaid, Plaintiff, CORREA, was rendered sick, sore, lame and disabled; was caused to suffer great physical pain, mental anguish and depression; has been obligated to submit himself for medical aid and other treatment; will continue to suffer great pain and suffering; and has sustained and will continue to sustain special damages in a sum which exceeds the jurisdiction of all lower Courts of the State of New York.

SEVENTY-THREE:   That the damages incurred by Plaintiff CORREA, as aforesaid, arose wholly and solely through the negligence, carelessness and recklessness of the Defendant, FOREVIEW, its officials agents, servants and/or employees without fault or want of care on the part of Plaintiff CORREA.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants herein, for damages, in the amount of Ten Million Dollars ($10,000,000), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: New York, New York
      October 30, 2020

*Michael L. Edelman*
_____
Michael L. Edelman, Esq. (MLE-6838)
GINARTE GALLARDO
GONZALEZ WINOGRAD, L.L.P.
*Attorneys for Plaintiffs*
JAIME CORREA

14

The Woolworth Building
233 Broadway, Suite 2405
New York, NY 10279
(212) 601-9700

TO:  **DEFENDANTS**

**3108 NORTHERN BLVD LLC**
*DOS Process*
28-18 Steinway Street
Astoria, New York 11103

**FOREVIEW CONTRACTING INC.**
*DOS Process*
1816 127th Street, 2/F
College Point, New York 11356