UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAIME L. CORREA VALENCIA,

                        Plaintiff,

-against-                                      20-cv-05293 (AMD)(VMS)

3108 NORTHERN BLVD LLC and FOREVIEW
CONTRACTING INC.,                            **AMENDED**
                        Defendants.                         **COMPLAINT**
                                                                      **FIRST PARTY**
-----------------------------------------------------------------X      **ACTION**
3108 NORTHERN BLVD LLC,

                        Defendant/Third-Party Plaintiff,           **(Trial by Jury Demanded)**

    -against-

N.Y.C.C. CONSTRUCTION CORP.,

                        Third-Party Defendant.
-----------------------------------------------------------------X
FOREVIEW CONTRACTING INC,

                        Defendant/
                        Second Third-Party Plaintiff,

    -against-

N.Y.C.C. CONSTRUCTION CORP.,

                        Third-Party Defendant/Second
                        Third-Party Defendant.
-----------------------------------------------------------------X

      Plaintiff, JAIME L. CORREA VALENCIA a/k/a JAIME CORREA ("Plaintiff" or "CORREA"), by his attorneys, GINARTE GALLARDO GONZALEZ WINOGRAD, L.L.P., as and for his Amended Complaint against 3108 NORTHERN BLVD LLC ("3108 NORTHERN") and FOREVIEW CONTRACTING INC. ("FOREVIEW") (collectively herein "Defendants"), alleges the following upon information and belief:

## NATURE OF THE CASE

ONE: This is an action for damages suffered by Plaintiff as a direct and proximate result of the Defendants' negligence and violations of the New York State Labor Law §§ 240(1), 241(6) and 200.

## PARTIES

TWO: At all times herein, CORREA was, and still is, a citizen of the State of New Jersey.

THREE: At all relevant times, 3108 NORTHERN was a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware, authorized to do business in the State of New York by virtue of its registration with the New York Department of State, Division of Corporations on March 2, 2015.

FOUR: At all relevant times, the sole member of 3108 NORTHERN was 31-08 NORTHERN BLVD HOLDINGS LLC ("31-08 HOLDINGS"), a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

FIVE: At all relevant times, 31-08 HOLDINGS was a citizen of the State of New York and maintained its principal place of business in the State of New York, County of Queens at 28-18 Steinway Street, Astoria New York 11103.

SIX: At all relevant times, the sole member of 31-08 HOLDINGS was 31-08 NORTHERN BOULEVARD MEMBER LLC ("31-08 MEMBER"), a limited liability company organized and existing under and by virtue of the laws of the State of New York.

SEVEN: At all relevant times, 31-08 MEMBER was a citizen of the State of New York and maintained its principal place of business in the State of New York, County of Queens at 28-18 Steinway Street, Astoria New York 11103.

EIGHT: At all relevant times, the sole members of 31-08 MEMBER were: 1) HYK PROPERTIES LLC, a limited liability company organized and existing under and by virtue of the laws of the State of New York; and 2) SYLHET KHAN LLC, a limited liability company organized and existing under and by virtue of the laws of the State of New York.

NINE: At all relevant times, HYK PROPERTIES LLC was a citizen of the State of New York and maintained its principal place of business in the State of New York, County of Queens at 28-18 Steinway Street, Astoria New York 11103.

TEN: At all relevant times, SYLHET KHAN LLC was a citizen of the State of New York and maintained its principal place of business in the State of New York, County of Queens at 28-18 Steinway Street, Astoria New York 11103.

ELEVEN: At all relevant times, the sole member of HYK PROPERTIES LLC was an individual female natural person and citizen of the State of New York, residing in the County of Queens.

TWELVE: At all relevant times, the sole member of SYLHET KHAN LLC was an individual male natural person and citizen of the State of New York, residing in the County of Queens.

THIRTEEN: At all relevant times, 3108 NORTHERN maintained its principal place of business in the State of New York, County of Queens at 28-18 Steinway Street, Astoria New York 11103.

FOURTEEN: At all relevant times, 3108 NORTHERN transacted business within the State of New York.

FIFTEEN: At all relevant times, by virtue of the citizenship of its members and ultimate owners, 3108 NORTHERN was, and still is, a citizen of the State of New York.

SIXTEEN: At all relevant times, FOREVIEW was, and still is, a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

SEVENTEEN: At all relevant times, FOREVIEW maintained its principal office in the State of New York, County of Queens, at 1816 127th Street, 2F, College Point, New York 11356.

EIGHTEEN: At all relevant times, FOREVIEW transacted business within the State of New York.

NINETEEN: At all relevant times, FOREVIEW was, and still is, a citizen of the State of New York.

## JURISDICTION AND VENUE

TWENTY: Jurisdiction is based on complete diversity of citizenship pursuant to 28 U.S.C. §1332 in that the Plaintiff is a citizen of the State of New Jersey and the Defendants are citizens of the State of New York; and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

TWENTY-ONE: Venue is proper pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district; and 28 U.S.C. §1391(d) in that the Defendants are residents of the State of New York, where they maintain their principal places of business and have substantial business contacts, including substantial contacts in this District, and are subject to this Court's personal jurisdiction.

## ALLEGATIONS COMMON TO ALL CLAIMS

TWENTY-TWO: On July 6, 2020, CORREA sustained injuries while working on a

construction project at 31-08 Northern Boulevard, Queens, New York 11101 ("Incident Location").

TWENTY-THREE:   At all relevant times, CORREA was a construction worker and carpenter employed by NYCC Construction Company Corp. ("NYCC").

TWENTY-FOUR:   At all relevant times, NYCC had been retained by 3108 NORTHERN to perform construction and carpentry work at the Incident Location.

TWENTY-FIVE:   At all relevant times, NYCC had been retained by FOREVIEW to perform construction and carpentry work at the Incident Location.

TWENTY-SIX:   At all relevant times, CORREA was lawfully at the construction site located at the Incident Location for the purpose of carrying on employment activities.

TWENTY-SEVEN:   At all relevant times, CORREA was lawfully at the Incident Location in the course of his employment with NYCC performing construction, erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, and/or maintenance operations at the Incident Location.

TWENTY-EIGHT:   At all relevant times, CORREA was performing his assigned construction and carpentry job duties, including without limitation cutting metal and wood, making markings and hoisting rebar for column formation.

TWENTY-NINE:   On July 6, 2020, CORREA was caused to sustain severe personal injuries at the Incident Location when a heavy rebar beam that was in the process of being hoisted by multiple workers to the next level became unsafe, unsecure and dangerous and fell and struck him while he was performing his assigned job duties ("Incident").

## COUNT I

### AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST 3108 NORTHERN FOR VIOLATIONS OF THE NEW YORK STATE LABOR LAW

THIRTY: Plaintiff repeats, reiterates and incorporates by reference paragraphs ONE through TWENTY-NINE above as though fully set forth herein.

THIRTY-ONE: At all relevant times, 3108 NORTHERN was the owner of the Incident Location.

THIRTY-TWO: At all relevant times, 3108 NORTHERN was the lessor of the Incident Location.

THIRTY-THREE: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, operated the Incident Location.

THIRTY-FOUR: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, controlled the Incident Location.

THIRTY-FIVE: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, managed the Incident Location.

THIRTY-SIX: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, supervised the Incident Location.

THIRTY-SEVEN: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, maintained the Incident Location.

THIRTY-EIGHT: At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, was developing the Incident Location.

THIRTY-NINE: At all relevant times, construction work was being done at the Incident Location.

FORTY: At all relevant times, 3108 NORTHERN, its agents, servants, licensees,

affiliates, lessees and/or employees, had a duty to keep the Incident Location in a safe condition, free of any dangers or hazards for those lawfully thereat.

FORTY-ONE:   At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, engaged in construction work at the Incident Location.

FORTY-TWO:   At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, engaged in renovation work at the Incident Location.

FORTY-THREE:   The building construction/renovation at the Incident Location constituted a construction project within the meaning and intent of Article 10 of the New York State Labor Law.

FORTY-FOUR:   At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, served as the general contractor for the construction and/or renovation work performed at the Incident Location.

FORTY-FIVE:   At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, served as the construction manager for the construction and/or renovation work performed at the Incident Location.

FORTY-SIX:   At all relevant times, 3108 NORTHERN, its agents, servants, licensees, affiliates, lessees and/or employees, was responsible for the safety of all workers performing construction work or services at the Incident Location.

FORTY-SEVEN:   Prior to July 6, 2020, 3108 NORTHERN contracted with NYCC to engage in construction to repair, alter, clean, renovate, construct and/or maintain the construction site located at the Incident Location.

FORTY-EIGHT: On or about July 6, 2020, CORREA, while working for NYCC at the Incident Location, was caused to sustain severe personal injuries because of the Incident.

FORTY-NINE: On or about July 6, 2020, as a direct and proximate result of the recklessness, carelessness and negligence of 3108 NORTHERN, its officials, agents, servants, licensees and/or employees in the ownership, operation, construction, control, repair, development, maintenance, supervision and management of the aforementioned construction site in violation of §§200, 240(1) and 241(6) of the Labor Law of the State of New York, the Industrial Code Rule No. 23; as well as applicable industry standards, rules and regulations, including without limitation those promulgated by OSHA, CORREA sustained extensive, serious, grave and permanent injuries as a direct consequence of the Incident.

FIFTY: On or about July 6, 2020, 3108 NORTHERN, its officials, agents, servants, employees, contractors and/or subcontractors were negligent, reckless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession, and inspection of the Incident Location and construction site in that they failed to provide the Plaintiff with a safe place to work; failed to provide safety equipment, devices and protection from falling hazards; failed to provide Plaintiff with a safe passage for walking and traversing the construction site and work activities; failed to provide Plaintiff with safe ingress and egress at the worksite; failed to provide proper safety devices so as to afford proper protection to the Plaintiff on the site; failed to provide secured materials to guard against beams from become loosened and falling into and striking workers; failed to guard open areas in which heavy debris or construction materials could fall into and come into contact with the Plaintiff; failed to provide a safe scaffold so as to afford proper protection to the Plaintiff on the site; failed to provide a safe ladder so as to afford proper protection to the Plaintiff on the site; in causing

8

and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; in causing and permitting hazardous and dangerous conditions to exist in violations of the law; and in failing to take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/worksite and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to be exposed and subjected to an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated work area; in causing and allowing the Plaintiff to be thrust from a height; in failing and/or refusing to properly secure the elevated work platform in order to prevent it from becoming unstable and causing the Plaintiff to fall; in failing to inspect the safety devices and safety conditions upon the job site; in failing to have a safety plan for the job site; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below; in failing to perform inspections of safety devices; in failing to provide the Plaintiff with proper safety equipment; in failing to provide the Plaintiff with a safety harness or lanyard and/or a place to tie off with such equipment; in failing to provide the Plaintiff with proper fall protection; in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; the applicable industry standards including without limitation OSHA rules and regulations; the applicable provisions of the Industrial Code regulations of the State of New York as they pertain to construction; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the Incident; in failing to

9

provide the Plaintiff with the approved fall protection devices and/or independent work platforms from which to perform his work; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below causing his injuries; in failing to prevent the Plaintiff from falling from the scaffold and/or ladder to the ground below causing his injuries; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to instruct, direct and/or train Plaintiff; and in failing to inspect the safety devices and safety conditions upon the job site at the Incident Location; and in failing to provide a safe worksite and area where Plaintiff was working.

FIFTY-ONE: 3108 NORTHERN had actual notice and/or constructive notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

FIFTY-TWO: As a result of the foregoing, CORREA was rendered sick, sore, lame and disabled; was caused to suffer great physical pain, mental anguish and depression; has been obligated to submit himself for medical aid and other treatment; will continue to suffer great pain and suffering; and has sustained and will continue to sustain catastrophic damages.

FIFTY-THREE: The damages incurred by CORREA arose wholly and solely through the negligence, carelessness and recklessness of 3108 NORTHERN, its officials, agents, servants and/or employees, and without fault, want of care or culpable conduct on the part of Plaintiff.

FIFTY-FOUR: By reason of the foregoing, CORREA, having sustained severe and permanent personal injuries, by reason of the negligent, careless and reckless conduct of the Defendants, seeks compensatory damages in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000).

## COUNT II

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST FOREVIEW FOR VIOLATIONS OF THE NEW YORK STATE LABOR LAW

FIFTY-FIVE: Plaintiff repeats, reiterates and incorporates by reference paragraphs ONE through FIFTY-FOUR above as though fully set forth herein.

FIFTY-SIX: At all relevant times, FOREVIEW was the owner of the Incident Location.

FIFTY-SEVEN: At all relevant times, FOREVIEW was the lessor of the Incident Location.

FIFTY-EIGHT: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, operated the Incident Location.

FIFTY-NINE: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, controlled the Incident Location.

SIXTY: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, managed the Incident Location.

SIXTY-ONE: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, supervised the Incident Location.

SIXTY-TWO: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, maintained the Incident Location.

SIXTY-THREE: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, was developing the property at the Incident Location.

SIXTY-FOUR: At all relevant times, construction work was being done at the Incident Location.

SIXTY-FIVE: At all relevant times, FOREVIEW, its agents, servants, licensees,

affiliates, lessees and/or employees, had a duty to keep the Incident Location in a safe condition, free of any dangers or hazards for those lawfully threat.

SIXTY-SIX: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees engaged in construction work at the Incident Location.

SIXTY-SEVEN: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, engaged in renovation work at the Incident Location.

SIXTY-EIGHT: At all relevant times, the building construction/renovation at the Incident Location constituted a construction project within the meaning and intent of Article 10 of the New York State Labor Law.

SIXTY-NINE: At all relevant times, FOREVIEW, its agents, servants, licensees, affiliates, lessees and/or employees, served as the general contractor for the construction and/or renovation work performed at the Incident Location.

SEVENTY: At all relevant times, Defendant FOREVIEW by its agents, servants, licensees, affiliates, lessees and/or employees served as the construction manager for the construction and/or renovation work performed at the Incident Location.

SEVENTY-ONE: At all relevant times, FOREVIEW, by its agents, servants, licensees, affiliates, lessees and/or employees, was responsible for the safety of all workers performing construction work or services at the Incident Location.

SEVENTY-TWO: Prior to July 6, 2020, FOREVIEW contracted with NYCC to engage in construction to repair, alter, clean, renovate, construct and/or maintain the construction site at the Incident Location.

SEVENTY-THREE: On or about July 6, 2020, while working for NYCC at the Incident Location, CORREA was caused to sustain severe personal injuries because of the

12

Incident.

SEVENTY-FOUR: On or about July 6, 2020, as a result of the recklessness, carelessness and negligence of FOREVIEW, its officials, agents, servants and/or employees, in the ownership, operation, construction, control, repair, development, maintenance, supervision and management of the aforementioned construction site and their violation of §§ 200, 240(1) and 241(6) of the Labor Law of the State of New York, violations of the Industrial Code Rule No. 23; as well as applicable industry standards, rules and regulations including without limitation OSHA rules and regulations, CORREA sustained extensive, serious, grave and permanent injuries as a result of the Incident.

SEVENTY-FIVE: On or about July 6, 2020, FOREVIEW, its officials, agents, servants, employees, contractors and/or subcontractors, were negligent, reckless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession, and inspection of the Incident Location and construction site in that they failed to provide the Plaintiff with a safe place to work; failed to provide safety equipment, devices and protection from falling hazards; failed to provide Plaintiff with a safe passage for walking and traversing the construction site and work activities; failed to provide Plaintiff with safe ingress and egress at the worksite; failed to provide proper safety devices so as to afford proper protection to the Plaintiff on the site; failed to provide secured materials to guard against beams from become loosened and falling into and striking workers; failed to guard open areas in which heavy debris or construction materials could fall into and come into contact with the Plaintiff; failed to provide a safe scaffold so as to afford proper protection to the Plaintiff on the site; failed to provide a safe ladder so as to afford proper protection to the Plaintiff on the site; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which

13

constituted a danger, nuisance and menace to the safety of the Plaintiff; in causing and permitting hazardous and dangerous conditions to exist in violations of the law; and in failing to take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/worksite and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to be exposed and subjected to an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated platform; in causing and allowing the Plaintiff to work from an unsafe elevated work area; in causing and allowing the Plaintiff to be thrust from a height; in failing and/or refusing to properly secure the elevated work platform in order to prevent it from becoming unstable and causing the Plaintiff to fall; in failing to inspect the safety devices and safety conditions upon the job site; in failing to have a safety plan for the job site; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below; in failing to perform inspections of safety devices; in failing to provide the Plaintiff with proper safety equipment; in failing to provide the Plaintiff with a safety harness or lanyard and/or a place to tie off with such equipment; in failing to provide the Plaintiff with proper fall protection; in violating the provisions of §200, §240(1) and §241(6) of the Labor Law of the State of New York; the applicable industry standards, rules and regulations, including without limitation OSHA rules and regulations; violated the applicable provisions of the industrial code regulations of the state of New York as they pertain to construction; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to provide the Plaintiff with the approved fall protection devices and/or

independent work platforms from which to perform his work; in failing to prevent the Plaintiff from falling from the elevated platform to the ground below causing his injuries; in failing to prevent the Plaintiff from falling from the scaffold and/or ladder to the ground below causing his injuries; in failing to have and/or designate a competent person to direct, manage, control, and/or inspect the work being performed at the time of the accident; in failing to instruct, direct and/or train Plaintiff; in failing to inspect the safety devices and safety conditions upon the job site; and in failing to provide a safe worksite and area where Plaintiff was working.

SEVENTY-SIX: FOREVIEW had actual and/or constructive notice of the defective and dangerous conditions prior to the happening of the Incident alleged herein.

SEVENTY-SEVEN: As a result of the foregoing, CORREA was rendered sick, sore, lame and disabled; was caused to suffer great physical pain, mental anguish and depression; has been obligated to submit himself for medical aid and other treatment; will continue to suffer great pain and suffering; and has sustained and will continue to sustain catastrophic damages.

SEVENTY-EIGHT: The damages incurred by Plaintiff arose wholly and solely through the negligence, carelessness and recklessness of FOREVIEW, its officials, agents, servants and/or employees, without fault, want of care or culpable conduct on the part of CORREA.

SEVENTY-NINE: By reason of the foregoing, CORREA, having sustained severe and permanent personal injuries, by reason of the negligent, careless and reckless conduct of the Defendants, seeks compensatory damages in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000).

## COUNT III

### AS AND FOR A THIRD CLAIM FOR RELIEF
### FOR DEFENDANTS' COMMON LAW NEGLIGENCE

EIGHTY: Plaintiff repeats, reiterates and incorporates by reference paragraphs ONE through SEVENTY-NINE above, as though fully set forth herein.

EIGHTY-ONE: The Defendants, and their owners, managers, members, controlling persons, parents, agents, affiliates and contractors, workers, employees, engineers, supervisors, inspectors, competent persons, foremen and/or managers, concurrently, jointly and/or severally breached their non-delegable duties and responsibilities owed to CORREA in failing to: exercise reasonable care in providing CORREA with a safe place in which to work; maintain the Incident Location and the construction thereat in a safe condition, free from traps, hazards and perils dangerous to life and limb; and comply with laws, statutes, codes, rules, regulations and standards having application to the circumstances and conditions existing at the said Incident Location at the said time and place.

EIGHTY-TWO: Defendants, and their owners, managers, members, controlling persons, parents, agents, affiliates and contractors workers, employees, engineers, supervisors, inspectors, competent persons, foremen and/or managers, concurrently, jointly and/or severally were negligent, careless and reckless in the operation, management, supervision, direction, inspection, maintenance, control, construction, renovation and rehabilitation of the construction project at the Incident Location, which negligence, carelessness and recklessness were concurrent and proximate causes of the occurrence of which complaint is made and which consisted of the following, without limitation: failing to protect the Plaintiff against unreasonable hazards and perils; permitting and allowing unreasonable risks of injury to be and exist in the Incident Location and the construction project thereat; in failing to inspect the construction

project and associated structure and in failing to provide Plaintiff with a safe place in which to perform his labors free of hazards.

EIGHTY-THREE: The Defendants, and their owners, managers, members, controlling persons, parents, agents, affiliates and contractors workers, employees, engineers, supervisors, inspectors, competent persons, foremen and/or managers, concurrently, jointly and/or severally, were also negligent, careless and reckless in that they violated construction industry standards, customs and practices in the construction fields having relevant application to the facts and circumstances and conditions as described herein, to the extent that such codes, rules, regulations and construction industry standards demonstrate Defendants' departures from providing safe working conditions for CORREA and other workers at the Incident Location; in acting with reckless disregard for the safety of CORREA and others; and in otherwise being negligent, careless and reckless in the conduct and supervision of the construction work at the Incident Location.

EIGHTY-FOUR: CORREA shall also rely on the doctrine *res ipsa loquitur*.

EIGHTY-FIVE: At all relevant times, CORREA did not contribute to the happening of the occurrence complained of by reason of any act or omission on his part.

EIGHTY-SIX: As a result of the occurrence complained of, CORREA was traumatically and catastrophically injured; required hospitalization and extensive medical treatment; rehabilitation and follow-up care; was required to endure painful procedures; requires medication for pain control, pain management and otherwise; and his injuries and resultant extensive disabilities have caused him to suffer, without limitation: extreme and excruciating pain, suffering, discomfort and loss of enjoyment of life; inability to return to work; expenses for medical care, treatment and therapy, loss of past, present and future income and other losses and

detriments; loss of earnings opportunities; loss of union benefits and other emoluments; and severe mental anguish and anxiety.

EIGHTY-SEVEN: CORREA will, in the future, continue to suffer pain, anguish, disability and the loss of enjoyment of life and will incur further and continuing expenses and obligations for future medical care, treatment and medications and other and continuing losses.

EIGHTY-EIGHT: By reason of the foregoing, CORREA, having sustained severe and permanent personal injuries, by reason of the negligent, careless and reckless conduct of the Defendants, seeks compensatory damages in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000).

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000), together with interest and the costs and disbursements of this action; and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: New York, New York
       December 22, 2021

                                              Respectfully submitted,

*Michael L. Edelman*
_____
Michael L. Edelman, Esq. (MLE-6838)
**GINARTE GALLARDO GONZALEZ WINOGRAD, L.L.P.**
*Co-counsel for Plaintiff*
JAIME CORREA
The Woolworth Building
233 Broadway, Suite 2405
New York, New York 10279
(212) 601-9700

_____
Michael K. O'Donnell, Esq. (MO-3717)
*Of Counsel*
**EDELMAN & EDELMAN, P.C.**
*Co-counsel for Plaintiff*
61 Broadway, Suite 2220
New York, New York 10006
(212) 943-1200


**TO:**    Isaak Manashirov, Esq. (via ECF)
**HANNUM FERETIC PRENDERGAST & MERLINO, LLC**
*Attorneys for Defendant/First Third-Party Plaintiff*
*3108 NORTHERN BLVD LLC*
55 Broadway, Suite 202
New York, New York 10006
212-530-3900

Kevin T. Fitzpatrick, Esq. (via ECF)
**WOOD, SMITH, HENNING & BERMAN LLP**
*Attorneys for Defendant/Second Third-Party Plaintiff*
*FOREVIEW CONTRACTING INC.*
685 3rd Avenue, 18th Floor
New York, New York 10017
212-999-7105

**N.Y.C.C. CONSTRUCTION CORP.** (via FedEx)
*Third-Party and Second Third-Party Defendant in Default*
358 West 51st Street
New York, New York 10019-6491

and its insurer:

Zurich American Insurance Co. (via Certified Mail-RRR)
PO Box 968044
Schaumburg, Illinois 60196-8044