UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAIME L. CORREA VALENCIA,

                Plaintiff,

      -against-

3108 NORTHERN BLVD LLC, FOREVIEW
CONTRACTING INC., ASTORIA-LIC
DEVELOPMENT LLC and STEEL BUILDING
CORP.,

                Defendants.

------------------------------------------------------------x

3108 NORTHERN BLVD LLC,

                Third-Party Plaintiff,

      -against-

N.Y.C.C. CONSTRUCTION CORP.,

                Third-Party Defendant.

------------------------------------------------------------x

FOREVIEW CONTRACTING INC.

                Defendant/Second Third-Party
                Plaintiff,

      -against-

N.Y.C.C. CONSTRUCTION CORP.,

                Third-Party Defendant/Second
                Third-Party Plaintiff.

------------------------------------------------------------x

3108 NORTHERN BLVD LLC,

                Defendant/Third Third-Party
                Plaintiff,

      -against-

STEEL BUILDING CORP.,

                Third Third-Party Defendant

------------------------------------------------------------x

**SUA SPONTE
REPORT AND
RECOMMENDATION**

20 Civ. 5293 (OEM) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Jaime L. Correa Valencia moved to hold nonparties Foreview Construction Inc. ("Foreview") and Yuanzu Zhao a/k/a Alex Zhao in contempt for failing to comply with two properly issued subpoenas.  See ECF Nos. 63; 63-2 and 63-3.  The Court respectfully recommends that Plaintiff's motion for contempt be granted.  In accordance with 28 U.S.C. § 636(e), the Court certifies the following facts constituting Mr. Zhao and Foreview's contempt and respectfully recommends that the District Court order Mr. Zhao and Foreview to appear at a date and time to be determined by the District Court as to why they should not be held in contempt and punished for such contempt.

## I.       Magistrate Judge's Contempt Authority

On a motion for civil contempt, a United States magistrate judge shall certify facts constituting civil contempt to the district judge, unless the case is one in which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), or it is a misdemeanor case proceeding under 18 U.S.C. § 3401.  See 28 U.S.C. §§ 636(e)(4); 636(e)(6)(B)(iii); Gov't Emps. Ins. Co. v. N. Med. Care, P.C., No. 20 Civ. 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), report & recommendation adopted, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021).  28 U.S.C. § 636(e)(6)(B)(iii) provides that:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  The Parties have not consented to a magistrate judge's jurisdiction nor is this a misdemeanor case proceeding under 18 U.S.C. § 3401.  For the reasons stated

below, the undersigned certifies the following facts to the District Judge pursuant to 28 U.S.C.

§ 636(e)(6)(B)(iii).

## II.     Certified Facts

At Mr. Zhao's residence on May 17, 2023, Plaintiff served Mr. Zhao, who is Foreview's

"incorporator and apparent principal," with a subpoena duces tecum, a subpoena ad

testificandum and a witness fee.  See ECF Nos. 63 at 1-2, 63-2, 63-3, 63-4, 63-7.  Each subpoena

was addressed to "FOREVIEW CONSTRUCTION INC. and YUANZU ZHAO a/k/a ALEX

ZHAO."  See ECF Nos. 63-2 at 1 and 63-3 at 1.  Neither Mr. Zhao nor Foreview complied with

the subpoenas.  See ECF No. 71 at 9.  Plaintiff filed a motion to compel Mr. Zhao and Foreview

to comply with the subpoenas and requested that the Court enter a conditional order of contempt.

See ECF No. 63.  The Court issued an Order to Show Cause directing Mr. Zhao and Foreview to

"show cause in writing as to why they should not be held in contempt for refusing to comply

with the subpoenas" and ordered them to appear for an in-person Show Cause Hearing.  See

9/5/2023 Order.  The Court directed Plaintiff to "serve copies of [the 9/5/2023 Order], the docket

sheet and the motion at ECF No. 63 on the non-parties by certified mail and file proof of service

on the docket."  See id.  Plaintiff filed an affidavit of service affirming that he had served by

certified mail copies of the Order to Show Cause, the docket sheet and Plaintiff's motion to

compel on Mr. Zhao and Foreview.  See ECF No. 66.

Mr. Zhao and Foreview failed to make a written submission in response to the Court's

Order to Show Cause, and they failed to appear for the in-person Show-Cause Hearing.  See

Minute Entry.  During the Show-Cause Hearing, Plaintiff's counsel informed the Court that he

had been in contact with Mr. Zhao and that Mr. Zhao was aware of the subpoenas.  See ECF No.

71 at 9.

### III.    Standards for Civil Contempt

Federal Rule of Civil Procedure Rule 45(g) provides that  "[t]he court for the district where compliance is required . . .  may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.  Fed. R. Civ. P. 45(g). Civil contempt is warranted if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner."  N. Med. Care, 2021 WL 7906537, at *1 (internal quotation marks & citation omitted).  Rule 45(g) applies to nonparties.  See Perez v. Walmart Inc., No. 21 Civ. 4522 (JMW), 2022 WL 4329769, at *1 (E.D.N.Y. Sept. 19, 2022). Courts generally invoke contempt powers for failure to comply with a subpoena only after "prior issuance of a court order compelling that compliance, particularly with respect to non-parties," NXIVM Corp. v. Bouchey, No. 11 Misc. 58 (GLS) (DEP), 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011) (collecting cases); see N. Med. Care, 2021 WL 7906537, at *1, although such condition is not required.

### IV.    Certified Conclusion of Law

The Court certifies that Plaintiff has set forth a prima facie case for contempt against Mr. Zhao and Foreview.  The subpoenas Plaintiff served on Mr. Zhao and Foreview were "clear and unambiguous": the subpoenas identified the date, time, and location at which Mr. Zhao and Foreview were required to appear and produce the requested documents and information.  See ECF Nos. 63-2 at 1, 63-3 at 1.  Plaintiff attached to each subpoena a detailed set of requests and definitions, as well as several supporting documents.  See 63-2 at 3-144, 63-3 at 3-144.  The Court's Order to Show Cause was also clear and unambiguous.  See 9/5/2023 Order.  Plaintiff's

counsel stated on the record that Mr. Zhao and Foreview failed to comply with either subpoena. <u>See</u> ECF No. 71 at 9.  Mr. Zhao and Foreview have not attempted to comply with the Court's orders, such as by contacting Plaintiff, requesting an adjournment of the Show-Cause Hearing, or making a written submission to the Court.

This Court therefore respectfully recommends that unless Mr. Zhao and Foreview show good cause at a date and time to be determined by the District Court, the Court should hold them in contempt for their failure to comply with the subpoenas and the Court's Orders, and punish them for such contempt.  Such punishment may include but is not limited to an award of monetary sanctions, an award of attorneys' fees to be paid by the contemnors to the moving party, continuing financial sanctions until the contempt is purged, and/or arrest.  If the arrested person cannot afford an attorney, the Court may appoint counsel in connection with the arrest.

## V.    Objections

This report and recommendation will be filed electronically.  Plaintiff's counsel is directed to serve a copy of this report and recommendation on Mr. Zhao and Foreview via overnight delivery at their last known address and file proof of service on ECF by February 9, 2024.  The Court will also mail a copy of this Order and the docket sheet to Mr. Zhao and Foreview at 3 Court Square, 23-15 44th Dr., Unit #3909, Long Island City, New York 11101. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections.  "Failure to file objections within the specified time waives the right to appeal the district court's order." <u>Ahamed v. 563 Manhattan Inc.</u>, No. 19 Civ 6388 (EK) (CLP), 2023 U.S. Dist. LEXIS 117176, at

*20 (E.D.N.Y. July 6, 2023) (recommending that the District Court hold nonparty in contempt for failure to comply with Court-ordered subpoena), report & recommendation adopted, 2023 WL 6283280 (E.D.N.Y. Sept. 26, 2023).

Dated: Brooklyn, New York
February 5, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge