UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JAIME L. CORREA VALENCIA,
                 Plaintiff,
     -against-
3108 NORTHERN BLVD LLC, FOREVIEW
CONTRACTING INC., ASTORIA-LIC
DEVELOPMENT LLC and STEEL BUILDING
CORP.,
                 Defendants.
---------------------------------------------------------------x
3108 NORTHERN BLVD LLC,
                 Third-Party Plaintiff,           1:20-cv-05293-OEM-VMS
     -against-
N.Y.C.C. CONSTRUCTION CORP.,
                 Third-Party Defendant.
---------------------------------------------------------------x
FOREVIEW CONTRACTING INC.,
                 Defendant/Second Third-Party
                 Plaintiff,
     -against-
N.Y.C.C. CONSTRUCTION CORP.,
                 Third-Party Defendant/Second
                 Third-Party Plaintiff.
---------------------------------------------------------------x
3108 NORTHERN BLVD LLC,
                 Defendant/Third Third-Party
                 Plaintiff,
     -against-
STEEL BUILDING CORP.,
                 Third Third-Party Defendant
---------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

ORELIA E. MERCHANT, United States District Judge:

On May 17, 2023, Plaintiff Jaime Correa ("Plaintiff") served subpoenas *duces tecum* and *ad testificandum* upon non-party witnesses Foreview Construction, Inc. and Yuanzu "Alex" Zhao (the "Non-Party Witnesses"). The subpoenas were returnable June 19 and June 27, 2023, respectively.

After the Non-Party Witnesses failed to comply with the subpoenas by those dates, Plaintiff moved for the Court to compel the non-party witnesses' compliance with the subpoenas and issue an order requiring the non-party witnesses show cause why they should not be held in contempt in the event that they failed to comply.

On September 5, 2023, Magistrate Judge Scanlon issued an order to show cause requiring that the non-party witnesses show cause in writing by September 22, 2023, why they should not be held in contempt for failure to comply with the subpoenas.  Magistrate Judge Scanlon also scheduled a Show Cause Hearing for October 12, 2023.  On September 7, 2023, Plaintiff filed an affidavit of service evidencing that he had served the non-party witnesses with the Court's order to show cause.

The Non-Party Witnesses did not make the written submission nor did they appear at the October 12, 2023 hearing as required by Magistrate Judge Scanlon's September 5, 2023 order.  At the October 12, 2023 hearing, Plaintiff moved to hold the Non-Party Witnesses in contempt. Magistrate Judge Scanlon took the motion under consideration.

On February 5, 2024, Magistrate Judge Scanlon issued a *sua sponte* report and recommendation recommending that unless the Non-Party Witnesses showed good cause at a date and time to be determined by this Court, that the undersigned should hold them in contempt for their failure to comply with Plaintiff's subpoenas and the Court's orders.  Magistrate Judge Scanlon's report and recommendation clearly stated that objections were due by February 19, 2024.  No objections were filed.

On February 22, 2024, counsel for the Non-Party Witnesses submitted a letter informing the Court that they had been retained and requesting that the Court suspend issuing a contempt

order before February 29, 2024 so as to permit time for further discussions regarding the finalization of a discovery schedule.

On March 1, 2024, Plaintiff submitted a letter requesting that the Court hold further contempt proceedings in abeyance because the Non-Party Witnesses had agreed to make a responsive document production on March 15, 2024 and sit for a deposition on March 22, 2024.

On March 20, 2024, the Court ordered that the Non-Party Witnesses show cause at a hearing on March 27, 2024 why they should not be held in contempt.  In the same Order, the Court ordered that the Non-Party Witnesses show cause in writing on why they should not be held in contempt or before March 25, 2024.  The Court notes that it has not yet received a written submission from the Non-Party Witnesses.

On March 23, 2024 Plaintiff filed a consent motion for extension of time, requesting that the Court adjourn the show cause hearing until mid-April 2024.  The Court denied Plaintiff's motion on March 25, 2024.

On March 27, 2024, the Court held a show cause hearing as ordered in its March 20, 2024 Order.  Neither the Non-Party Witnesses nor their counsel appeared at the March 27, 2024 hearing. At the hearing, Plaintiff informed the Court that the Non-Party Witnesses still remained in noncompliance with their obligations pursuant to the May 17, 2023 subpoenas.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt an R&R without de novo review.  *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted).  The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have

3

committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears in Magistrate Judge Scanlon's thorough and well-written decision. Accordingly, the Court adopts the R&R in full. The motion for contempt is granted.

It is further ordered that Foreview Construction, Inc. and Yuanzu "Alex" Zhao shall each be assessed a $500-per-diem fine beginning on the day after Plaintiff serves Foreview Construction, Inc. and Yuanzu "Alex" Zhao with a copy of this Order. The fine will be assessed until Foreview Construction, Inc. and Yuanzu "Alex" Zhao submit certification to this Court, on notice and copy to Plaintiff and Defendants, that they have fully complied with their obligations under the May 17, 2023 subpoenas and the Court's Orders dated March 20, 2024 and September 5, 2023. On the date, as determined by this Court, that Foreview Construction, Inc. and Yuanzu "Alex" Zhao have fully complied with this Order, the daily civil penalty will cease and an order for Foreview Construction, Inc. and Yuanzu "Alex" Zhao to pay the total amount accrued up to that date will be issued.

Plaintiff has also asked the Court to order that Foreview Construction, Inc. and Yuanzu "Alex" Zhao pay Plaintiff's fees and costs incurred in moving for contempt sanctions. "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "Willfulness, for this purpose, 'merely requires a specific intent to consciously disregard an order of the court.'" *Citibank, N.A. v. McPartland*, No. 20-CV-8673 (ALC)(BCM), 2023 WL 4424352, at *5 (S.D.N.Y. July 7, 2023) (quoting *M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021)).

Here, Foreview Construction, Inc. and Yuanzu "Alex" Zhao have "'demonstrated [their] intent to consciously disregard the district court's order by doing absolutely nothing' to comply with it." *Id.* (quoting *M. Harvey*, 853 F. App'x at 693).  Accordingly, Foreview Construction, Inc. and Yuanzu "Alex" Zhao shall be responsible for paying Plaintiff's reasonable fees and costs incurred in moving for contempt sanctions.  Plaintiff shall submit one or more declarations setting forth Plaintiff's reasonable fees and costs incurred in moving for contempt sanctions, attaching and authenticating counsel's time records and admissible documentation concerning out-of-pocket costs.

Plaintiff is directed to serve a copy of this Order on Foreview Construction, Inc. and Yuanzu "Alex" Zhao on or before March 29, 2024.


**SO ORDERED.**

                         /s/ Orelia E. Merchant
                         U.S. District Judge Orelia E. Merchant

Dated: Brooklyn, New York
         March 28, 2024.